Moncure, P.,
delivered the opinion of the court.
This is a writ of error and supersedeas to a judgment of the circuit court of Mathews county, rendered on the 26th day of October 1872, affirming a judgment of the county court of said county, rendered on the 11th day of March 1872, in an action of unlawful detainer, in which William H. Hudgins was plaintiff, and J. W. Marchant & Co. were defendants. The action was brought to recover possession of a lot of land in said county commonly known as “ Cricket Hill;” was tried on an issue joined on the plea of not guilty, and verdict *178 and iudgment were rendered therein for the defend- ° 0 ants. Two bills of exceptions were taken by the to rulings of the court against him in the progresg ^rja]#
t^ie exceptions are set out the facts of the case, which were agreed by the parties, and, so far as it is material to state them here, are as follows: The said William H. Hudgins was the owner of the said lot of land up to the time the same was sold by virtue of a decree of the circuit court for said county made on the 11th day of October 1870, in a cause therein pending in which Lanier Bros. & Co. were plaintiff's and said Hudgins was defendant, of which decree a copy is inserted in the bill of exceptions. Thereby it was decreed that unless the said Hudgins should within a certain period therein mentioned, pay to the said Lanier Bros. & Co. the amount of their judgment therein mentioned against the said Hudgins, certain commissioners appointed by the decree should proceed to sell, in the manner and on the terms prescribed by said decree, the property real and personal conveyed by the said Hudgins and his wife, for the benefit of his creditors, by deed of trust mentioned in the decree. The lot of land in controversy was a part of the real estate thus decreed to be sold. The said commissioners accordingly sold the said lot of land under the said decree, and the said J. W. Mar-chant & Co. became the purchasers thereof at said sale, made the cash payment, and executed and delivered their bonds for the deferred payments to the said commissioners. A report of said sale having been made to the court, the same was excepted to by the said Hudgins, on various grounds, which are set out in the bill of exceptions. Afterwards, to wit: at October term of said circuit court 1871, the cause *179 came on to be again beard, on the papers formerly read, and the report of said commissioners of the sale by them of the real estate in the report mentioned, the exceptions thereto, &e., and was argued by counsel. On consideration whereof, the court overruled the exceptions, and confirmed the said report and sale. And it being suggested to the court that Walter GL Hudgins was in possession of the property sold by said commissioners in the report mentioned, it was ordered that he should, within ten days from the service upon him. of a copy of said decree, surrender and deliver to said. J. W. Marchant & Co., the. purchasers of said property, possession thereof. And it was further ordered that unless said Walter GL Hudgins should so surrender possession of said land to said purchasers, and if he should continue to hold possession of the same until the 1st day of December 1871, then the sheriff of said county was ordered to remove him from said property, and put the said purchasers in possession of the same. A copy of the said decree of October term 1871 is also inserted in the bill of exceptions. The purchasers were accordingly put in possession of the property purchased by them as aforesaid.
Afterwards the said William II. Hudgins applied to this court for an appeal from, and supersedeas to the decree last mentioned, which were accordingly allowed and awarded. A supersedeas was accordingly issued in the usual form, and the bond with security thereby required was accordingly.given. But the said purchasers being then in possession of the said premises, refused to deliver the same to the said William H. Hudgins.
Hpon the foregoing, which were all the facts and *180 evidence in the cause, the plaintiff moved the court to instruct the jury as follows:
“ That if they believe from the evidence in the cause, that the complainant, William H. Hudgins, was the owner of the tenement and premises in the complaint in this cause mentioned, before the decree of sale, and sale made in the chancery cause of Lanier, Bros. & Co. against Wm. H. Hudgins, now pending in the circuit court for the county of Mathews; that at the said sale the defendants became the purchasers thereof; that said sale was confirmed by the said circuit court, and the defendants put in the possession of said premises by virtue of the decree of said court, which said decree has been superseded by a decree of' the supreme court of appeals of Virginia; they are bound to find for the complainant.”
Which instruction the court refused to give; but. gave an instruction prayed for by the defendants as follows:
“The jury are instructed that if they believe from the evidence in the cause that the complainant, Wm. H. Hudgins, was the owner of the tenement and premises in the complaint in this'cause mentioned before the decree of sale, and sale made in the chancery causé of Lanier, Bros. & Co; against Wm. H. Hudgins, now pending in the circuit court for the county of Mathews; that at the said sale the defendants became the purchasers thereof; that said sale was confirmed by the said circuit court, and the defendants put in possession of said premises by virtue of the decree of said court before the supersedeas hereafter mentioned was awarded; and that the said decree has been superseded by a decree of the supreme court of' appeals of Virginia; they are bound to find for the defendants in possession.”
*181 To which rulings of the court, refusing to give the instruction prayed for by the plaintiff, and giving that prayed for by the defendants, the first of the said two bills of exceptions was taken.
The other bill of exceptions was taken to the. opinion of the court overruling the motion of the plaintiff to set aside the verdict and award a new trial, on the ground of misdirection by the court to the jury, and because the said verdict was against the law and the evidence in the cause.
The county court having rendered judgment for the defendants in the said action, the same was affirmed by the circuit court; whereupon the plaintiff’ applied to this court for a writ of error and supersedeas to the .judgment of the circuit court; which were accordingly awarded.
■ The only assignment of error in this case is contained in the petition for a writ of error and supersedeas in the case, and is in these words:
. “Your petitioner is advised that the said J. W. Mar-chant & Co., by bidding off the said land at the sale thereof by the commissioners aforesaid, acquired no right to the possession of said land (the decree under which it was sold not ordering possession thereof to be given), and could only claim that their offer should be reported to the court, subject to its approval or disapproval (and here it will .be noticed that said decree did not direct the said commissioners to deliver possession to the highest bidder). They are no parties to the case of Lanier, Bros. & Co. v. your petitioner, and their right to the benefit of their bid for said land depends on the decision of that case by this honorable court. Your petitioner is also advised that the said Marchant ■& Go. having no claim to the possession of said land, except by virtue of the decree aforesaid, made in the *182 case of Lanier, Bros. & Co. v. Hudgins; when that decree was superseded hy the order of this court, their title to the possession failed, and your petitioner became entitled to the possession.”
When property is sold under a decree of a court of chancery, and the report of the sale is confirmed by the court, the purchaser is entitled to possession of the property from the time of such confirmation, unless there be something in the decree to the contrary, even though there be in the decree no express direction for the delivery of such possession to the purchaser. But in this case there was an express direction in the decree that the purchaser should be put in possession of the property, which was accordingly done before any appeal from the said decree was allowed by this court. A purchaser under a decree of a court of chancery, though not an original party to the cause in which the decree is rendered, becomes a party thereto by his purchase, so far as his rights as a purchaser are eoneernéd. A supersedeas to a decree perfected before the decree is executed, operates as a stay of such execution until the cause is determined in the appellate court.' But when the decree is executed before the supersedeas thereto is perfected, the supersedeas does not operate as a writ of restitution to restore them to the condition they were in before the execution of the decree.
In this ease possession of the property in contro-' versy was delivered to the purchasers under the decree before a supersedeas to the decree was awarded, and of course that supersedeas cannot of itself operate as a writ of restitution to deprive the purchasers of possession and restore it to the plaintiff in the suit.
A decree, though appealed from, is presumed to be right until it is reversed, and purchasers under it, who *183 have been put in possession accordingly, are entitled to retain such possession until deprived of the right thereto by such reversal.
It can hardly be necessary to cite authorities in support of principles before stated, which seem to be well settled and to admit of no question. References are made in the brief of the counsel of the appellees which are very pertinent, and among them are the following to our own reports: White v. Jones, 1 "Wash. 117; Wilson v. Stevenson’s adm’r, 2 Call 213; Rucker v. Harrison, 6 Munf. 181; Newcomb v. Drummond, 4 Leigh. 57; Spencer v. Pilcher, 10 Id. 490; and Jones v. Tatum, 19 Gratt. 720. Bacon’s abridgment, title supersedeas is also referred to in regard to the common law doctrine on the subject; and some notice is taken of a modification of the doctrine made by our statute, but it does not affect this case.
It results from what has been said that there is no error in the judgment of the circuit court, and that the same must be affirmed.
But in addition to what has -been said it may be proper to state, that pending this case in this court the appeal from the decree under which the said J. "W. Marchant & Co. became purchasers of the land in controversy as aforesaid, has been decided by this court, by which decision the said decree was affirmed. Hudgins v. Lanier Bro. & Co., 23 Gratt. 494. That decision would have been conclusive of this ease in favor of the defendants, if it had not been otherwise in their favor. But it is needless to say any thing further on that subject.
Judgment appirmed.